**Samuel LAW, Petitioner,**

**v.**

**J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 70–C–35–D.**

United States District Court,
W. D. Virginia,
Danville Division.

May 26, 1970.

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

DALTON, Chief Judge.

### ORDER

It is hereby ordered that the above styled petition for a writ of habeas corpus be filed *in forma pauperis.*

Petitioner Samuel Law requests this court, through its habeas corpus procedures, to grant him appropriate relief based upon the following allegations:

1. An illegal arrest, inasmuch as the petitioner was arrested without a warrant;

2. The ineffective representation by counsel both before and during his trials; and

3. The denial of a fair and impartial trial in the Corporation Court of the City of Danville on August 4, 1966 for kidnapping, and on September 19, 1966 for sodomy.

(Petitioner Law was sentenced to twenty (20) and three (3) years respectively by the Corporation Court of the City of Danville.)

The petition presently before this court, and as supplemented by the petitioner's "Brief and Support to the Writ of Habeas Corpus", declares that proper state exhaustion requirements have been met. This court cannot agree, and in not agreeing must dismiss, without prejudice, the petition on this ground.

As provided for by 28 U.S.C. § 2254, the petitioner has the burden of exhausting available state court remedies. This section of the United States Code provides as follows:

[A]n application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The record shows the following pertinent facts. On the 25th of November, 1968, this court entered an opinion and judgment on petitioner's habeas corpus petition, filed on September 20, 1968, and styled 68–C–47–D. In said petition, the petitioner alleged five grounds to support his contention that he was being held in custody in violation of his constitutional rights. Those grounds raised by the petitioner were as follows:

1. Petitioner is a victim of illegal search and seizure;

2. Petitioner was denied effective representation by counsel;

3. Petitioner was a victim of racial discrimination in the judicial proceedings;

4. Petitioner is a victim of involuntary slavery; and

5. Petitioner was placed in double jeopardy by the second trial in which he was convicted of sodomy.

This court ruled on the above five points in the following manner.

[S]ubsequent to Petitioner's convictions and incarceration, he filed a petition for habeas corpus in the state courts of Virginia. He alleged the same grounds for relief as are alleged in the instant petition. A plenary hearing was held on such petition in the Corporation Court of Danville, Virginia, on February 8, 1968, at which time Petitioner voluntarily stated to the court, in person and through his attorney, that he wished to abandon grounds 1, 3 and 4 because they were without merit and could not be substantiated. The Corporation Court of Danville thereafter ruled on grounds 2 and 5, finding for Respondent on ground number 5 but finding for Petitioner on ground number 2, holding that Petitioner had been denied his right to appeal from the convictions of kidnapping and sodomy. There was no appeal from that habeas corpus decision.

As a result of the order of the Corporation Court of Danville, the Virginia Supreme Court of Appeals allowed Petitioner to appeal the convictions of kidnapping and sodomy. In his petition for a writ of error, Petitioner abandoned ground number 2; therefore, the appeal was solely concerned with ground number 5 which involved the issue of double jeopardy. The Virginia Supreme Court of Appeals affirmed the Danville Corporation Court's judgment as to ground number 5 and refused the writ of error by order dated June 12, 1968. This court reiterates that the decision of the Virginia Supreme Court of Appeals decided only the question of double jeopardy since there was no other issue before it.

It is therefore clear that Petitioner has not heretofore presented grounds 1, 2, 3 and 4 to the highest court in Virginia, either on appeal or by means of a petition for habeas corpus, and consequently, he has failed to exhaust his state remedies as required by 28 U.S.C. § 2254. Thus, this court cannot now rule on the first four allegations. On appeal to the Fourth Circuit Court of Appeals, that court affirmed this court's decision. More importantly, the Fourth Circuit ruled that the petitioner had not exhausted his available state remedies in relation to the first four points raised therein. [See Memorandum Decision #13,159.]

As pointed out in this court's order previously referred to, and as affirmed by the Fourth Circuit, the petitioner abandoned all points (including the second point raised in the petition presently before this court), except one, in his habeas corpus petition before the state court (Corporation Court of Danville). In the present petition before us, petitioner Law attempts not only to raise an allegation that he abandoned in the state court, but also, two additional allegations that have never been raised before in any state court habeas corpus proceeding. To do so only invites this court to rule that the petitioner has not followed proper procedural channels. The three allegations raised by the petitioner herein have not been presented to the appropriate state court for its consideration and ruling, and having failed to take this first step results in a failure of the petitioner to exhaust his available state court remedy.

In light of this court's ruling in 68–C–47–D, it seems quite unnecessary for this court to elaborate further. Therefore, it is hereby adjudged and ordered that the petition be dismissed for the above stated reasons.

The clerk is directed to certify copies of this order to the petitioner and to the respondent. In addition, the clerk will attach to said order, this court's opinion and judgment in the case styled 68–C–47–D, for each parties' information and guidance.